IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD MINNER :     CIVIL ACTION
    :
v. :
    :
F.J. TENNIS, et al. :     No. 06-4528

**REPORT AND RECOMMENDATION**

PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE                August 22, 2007

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. §

2254 by Edward Minner ("Minner"), an individual currently incarcerated at the State

Correctional Institution at Rockview.  For the reasons that follow, I recommend that the

petition be dismissed.

**FACTS AND PROCEDURAL HISTORY:**

On February 2, 1983, following a jury trial before the Honorable Stanley L.

Kubacki, Court of Common Pleas of Philadelphia County, Minner was convicted of two

(2) counts robbery and one (1) count of possession of instruments of crime.[1]  On May 16,

1983, Judge Kubacki sentenced Minner to four (4) to ten (10) years of imprisonment for

the first count of robbery, four (4) to ten (10) years of imprisonment for the second count

of robbery, and two and one half (2 1/2) to five (5) years of imprisonment for possession

of instruments of crime.  Judge Kubacki ordered that these sentences were to be served

consecutively and consecutive to any sentence that Minner was then serving.  See Post

---

[1]The convictions stemmed from an early morning, knifepoint robbery of two (2) women
on October 17, 1981.

Trial Motions and Sentencing Hearing Transcript, May 16, 1983, page 13-14.

On direct appeal, the Pennsylvania Superior Court affirmed the judgment of sentence on October 26, 1984. Commonwealth v. Minner, 484 A.2d 812 (Pa. Super. 1984) (table). The Pennsylvania Supreme Court denied Minner's petition for allowance of appeal on November 22, 1985.

On April 26, 2004, Minner filed a pro se petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9451, et seq. Counsel was appointed and subsequently filed a letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988), certifying that she had reviewed the entire record and concluded that there were no meritorious issues to advance before the PCRA court. On February 8, 2005, after filing notice of intent to dismiss Minner's PCRA petition and receiving no response from Minner, the PCRA court dismissed the petition and permitted counsel to withdraw. Minner then filed an appeal of the dismissal of his PCRA petition on March 3, 2005, and on July 12, 2006, the Pennsylvania Superior Court affirmed the decision of the PCRA court and dismissed Minner's petition as untimely. Commonwealth v. Minner, 907 A.2d 1135 (Pa. Super. 2006) (table).

On August 12, 2006, Minner filed the instant petition for a federal writ of habeas corpus claiming that the Pennsylvania Department of Corrections ("DOC") changed the sentence on one (1) of his robbery convictions from four (4) to ten (10) years "concurrent" to four (4) to ten (10) years "consecutive," thereby increasing his maximum

sentence by that amount.  Minner also alleges that the DOC illegally aggregated the three

(3) sentences handed down on May 16, 1983, claiming that "no statute on aggregation

existed at the time petitioner was originally sentenced."  See Pet'r Response to

Commonwealth's Answer at 3.

## DISCUSSION:

### I. Statute of Limitations

Section 101 of the AEDPA, effective April 24, 1996, amended habeas corpus law

by imposing a one (1) year limitation period to applications for writ of habeas corpus filed

by persons in state custody.[2]  28 U.S.C.A. § 2244(d)(1).  Section 2244, as amended,

provides that the one (1) year limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time
> for seeking such review;
>
> (B) the date on which the impediment to filing an
> application created by state action in violation of the
> Constitution or laws of the United States is removed, if the
> applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was
> initially recognized by the Supreme Court, if the right has
> been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or

---

[2]I recognize that Respondents have not presented a statute of limitations defense. However, in the interests of comity, finality, and federalism, I have decided to raise the statute of limitations sua sponte.  Long v. Wilson, 393 F.3d 390, 403 (3d Cir. 2004) (holding a federal magistrate judge may raise sua sponte the AEDPA statute of limitations defense even after an answer has been filed).

3

(D) the date on which the factual predicate of the claim
or claims presented could have been discovered through
the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The amended statute also provides that the time during which a

properly filed application for state post-conviction or other collateral review is pending

shall not be counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).

In the instant case, the applicable starting point for the statute of limitations is "the

date on which the judgment became final by the conclusion of direct review or the

expiration of the time for seeking such review."  Swartz v. Meyers, 204 F.3d 417, 419 (3d

Cir. 2000).  Minner's conviction became final on February 20, 1986, when the time for

filing a writ of certiorari to the United States Supreme Court expired.  See S.Ct.R. 13(1)

(stating petitioners have ninety (90) days to file a petition for a writ of certiorari); Morris

v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999).  Because his conviction became final prior

to April 24, 1996, the effective date of the AEDPA, Minner would have had until April

24, 1997, to timely file his § 2254 petition.[3]  Duncan v. Walker, 533 U.S. 167 (2001) ("in

the context of AEDPA's 1 - year limitations period, which by its terms runs from the

---

[3]On April 26, 2004, Minner filed a PCRA petition.  This petition would not toll the
federal statute of limitations because it was filed after the federal statute of limitations had
already expired.  Moreover, the petition was deemed untimely and thus was not "properly filed."
See 28 U.S.C. § 2254(d)(2) (the time during which a "properly filed application" for state post-
conviction review is pending shall not be counted toward the one (1) year period of limitation);
Artuz v. Bennett, 531 U.S. 4 (2000) ("an application is 'properly filed' when its delivery and
acceptance are in compliance with the applicable laws and rules governing filings" such as "the
form of the document, the time limits upon its delivery, the court and office in which it must be
lodged, and the requisite filing fee").  Consequently, the time during which this appeal was
pending would not impact this court's calculations regarding the one (1) year limitation period.

4

'date on which the judgment became final,' <u>see</u> § 2244(d)(1)(A), the Courts of Appeal have uniformly created a 1- year grace period, running from the date of AEDPA's enactment, for prisoners whose state convictions became final prior to AEDPA"); <u>Burns</u>, 134 F.3d at 111-12.

Minner submitted the instant petition for filing on August 12, 2006, over nine (9) years after the limitation period had expired on April 24, 1997. He does not assert that there has been an impediment to filing his habeas petition which was caused by state action or that his petition involves a right which was newly recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(B)-(C). Minner does assert, however, that there are new facts which could not have been previously discovered that prevented him from filing his habeas petition in a timely manner. <u>See</u> 28 U.S.C. § 2244(d)(1)(D). Specifically, as previously noted, Minner argues that on February 28, 2004, he received a revised sentencing summary from the DOC that altered the sentence imposed upon him for one (1) of his robbery convictions from a four (4) to ten (10) year "concurrent" sentence, to a four (4) to ten (10) year "consecutive" sentence. <u>See</u> Pet'r Response to Commonwealth's Answer, at 1. Alternatively, Minner alleges that Judge Kubacki "never stated whether [the sentence] would run concurrent or consecutive on the record" and that as a result, under the "Rules of Court" at that time "if a judge did not specify the sentence structure, it was automatically deemed concurrent." <u>See</u> Pet'r Response, at 2.

Although Minner characterizes the sentencing summary he received from the DOC

5

as newly discovered evidence, I conclude that the sentencing summary is not new evidence that could not have been previously discovered and which prevented him from filing his habeas petition in a timely manner.  I also conclude that the DOC sentencing summary accurately reflects the sentences as handed down by Judge Kubacki on May 16, 1983.  Minner argues that the "crux of the issue is [that] the sentencing judge on-the-record did not state consecutive" when he sentenced Minner on May 16, 1983.  See Pet'r Resp. at 2.  Minner further argues that an evidentiary hearing should be held as "no record of the sentencing transcript can be found."  Id.  Notwithstanding Minner's contention that no transcript of his sentencing hearing can be found, this Court was provided with the transcript of Minner's sentencing hearing conducted by Judge Kubacki on May 16, 1983. The pertinent portion of the transcript regarding Minner's allegations  reads:

**THE COURT:**     On Bill 2793 [robbery], four to ten years.  On Bill 2792 [robbery], four to ten years.  On Bill 2795, that is possession of an instrument of crime, that is two and a half to five years.  These shall be served *consecutively* and *consecutive* to any time you are now serving.  You have thirty days within which to take an appeal.  You also have ten days within which you may petition the Court asking for the Court to reconsider its sentence.

Commonwealth v. Minner, Post - Trial Motions and Sentencing, page 13-14 (May 16, 1983) (emphasis added).  Consequently, Minner knew on May 16, 1983, that Judge Kubacki sentenced him to three (3) consecutive sentences to be served consecutive to any time that he was then serving.  Further, on May 25, 1983, nine (9) days after his sentencing hearing, Minner's attorney filed a Petition for Reconsideration of Sentence in

the Philadelphia Court of Common Pleas. That petition states:

> The Petitioner, Edward R. Minner, by his attorney, [], respectfully represents:
>
> 1. Petitioner was convicted in a jury trial of Possession Instruments of Crime and two counts of Robbery.
>
> 2. That on May 16, 1983, Petitioner was sentenced to no less than four (4) and no more than ten (10) years of incarceration on Bill 2793; no less than four (4) and no more than ten (10) years of incarceration on Bill 2799; no less than two and one-half (2 1/2) and no more than five (5) years of incarceration on Bill 2795; all sentences to run consecutive to each other and to any sentences the Petitioner was then serving.

See Petition for Reconsideration of Sentence in the Philadelphia Court of Common Pleas at 1-2. Therefore, Minner has been on notice since the date of his sentencing hearing on May 16, 1983, that his sentences were to run consecutively.

The DOC sentencing summary correctly states that Minner was sentenced to two (2) terms of four (4) to ten (10) years of imprisonment for robbery and one (1) term of two and one-half (2 1/2) to five (5) years of imprisonment for possession of instruments of crime to be served consecutively. As such, there is no new evidence which would have prevented Minner from filing his habeas petition in a timely manner. Therefore, Minner does not meet the after discovered evidence exception to the statute of limitations and his habeas petition is untimely. Minner, however, argues that he is entitled to "equitable tolling in the interest of justice."

7

## II. Equitable Tolling

Minner also argues, however, that he is entitled to "equitable tolling in the interest of justice." The United States Supreme Court has not decided whether equitable tolling is available in the context of a federal habeas petition. See, e.g., Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007) ("[w]e have not decided whether § 2244(d) allows for equitable tolling . . . we assume without deciding that it is"). The Third Circuit, however, has ruled that the one (1) year period of limitation for § 2254 is subject to equitable tolling because this limitation period is a statute of limitations and not a jurisdictional bar. See Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1988).

In assuming that equitable tolling is available, the United States Supreme Court recently stated that a litigant bears the burden of establishing two (2) elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Lawrence, 127 S.Ct. at 1085 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (requiring that plaintiff has "in some extraordinary way" been prevented from asserting his rights).

I note that Minner argues that he is entitled to equitable tolling based on his argument of newly discovered evidence. As I have addressed the merits of his claim in concluding that he does not meet the after discovered evidence exception to the statute of limitations, I find that Minner is not entitled to equitable relief for substantially the same reasons. Consequently, Minner's petition must be dismissed as untimely.

8

Therefore, I make the following:

## **R E C O M M E N D A T I O N**

AND NOW, this 22ⁿᵈ day of August, 2007, IT IS RESPECTFULLY

RECOMMENDED that the petition for writ of habeas corpus be DISMISSED.  There has

been no substantial showing of the denial of a constitutional right requiring the issuance

of a certificate of appealability.

PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE

FILED

AUG 2 2 2007

MIC_____ . Clerk
By_____ p. Clerk

9