```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| EDWARD MINNER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT F.J. TENNIS | : | NO. 06-4528 |

ORDER

AND NOW, this 2nd day of October, 2007, upon consideration of Minner's petition for writ of habeas corpus (docket entry # 1), the Commonwealth's response (docket entry # 7), Minner's reply (docket entry # 19), and Magistrate Judge Peter B. Scuderi's report and recommendation (docket entry # 20) and the Court finding that:

      (a)  Minner has filed no objections to Judge Scuderi's report and recommendation;[1]

      (b)  Despite the facts that Minner was sentenced on May 16, 1983 and that his conviction became final on February 20, 1986 when the window for a petition for certiorari to the United States Supreme Court expired, the Commonwealth inexplicably fails to argue that Minner's claims are time-barred;

      (c)  Judge Scuderi, however, raises the issue in his report and recommendation, which he may do sua sponte, see Long v. Wilson, 393 F.3d 390, 403 (3d Cir. 2004);

      (d)  Because Minner's conviction became final before the April 24, 1996 effective date of AEDPA, Minner would have had

---

[1] The deadline for such objections was September 13, 2007.

until April 24, 1997 to file a timely petition for relief under 28 U.S.C. § 2254;

       (e)   Minner's petition was actually filed on August 12, 2006, more than nine years after that deadline;

       (f)   Minner's only explanation for his delay is that he did not become aware that the Department of Corrections considered his sentences to run consecutively until he received a revised sentence summary on February 28, 2004, see Pet. Reply at 1-2;

       (g)   Even if we were to accept Minner's contention that this represents newly discovered evidence,[2] Minner would have had one year from the discovery of this evidence to file his petition;

       (h)   Thus, even under the reading of the facts most beneficial to Minner, his petition was nearly eighteen months late;

       (i)   Further, the state court trial record makes clear that Minner was notified on the date of his original sentence in 1983 that his sentences would run consecutively, see Sentencing Transcript, May 16, 1983 at 13-14 ("These [sentences] shall be served consecutively and consecutive to any time you are now serving.");

       (j)   Indeed, Minner's petition for reconsideration of sentence, filed nine days after Judge Kubacki sentenced him, acknowledges that the sentences were consecutive;

---

       [2] We will explain shortly why Minner's contention is itself demonstrably false.

   (k) Because it is clear from the record both that Minner's petition is time-barred and that it is meritless, we will deny the petition without a hearing;

   It is hereby ORDERED that:

   1. Judge Scuderi's report and recommendation is APPROVED and ADOPTED;

   2. Minner's petition for writ of habeas corpus is DENIED;

   3. Minner having made no substantial showing of the denial of a constitutional right, we DECLINE to issue a certificate of appealability; and

   4. The Clerk of Court shall CLOSE this matter statistically.

            BY THE COURT:

            /s/ Stewart Dalzell, J.